UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Plummer # 299191,<br>*aka Andrew S. Plummer*, *aka Andrew Sean Plummer,*<br><br>Plaintiff,<br><br>vs.<br><br>State of South Carolina; Allendale Fairfax Sheriff Department; Allendale Fairfax Magistrate Court; South Carolina Department of Corrections; Allendale C.I.; Sheriff Investigator Orr; Sheriff Investigator Braham; Judge Rita W. Brown; Allendale Fairfax Clerk of Court; SCDC Warden George T. Hagan; Dir. Ozmint; SCDC Prisoner L. Knotts, within their individual and official capacities,<br><br>Defendants. | C/A No. 8:10-1966-TLW-BHH<br><br>Report and Recommendation<br>(Partial Summary Dismissal) |

This is a civil action filed *pro se* by a state prison inmate.[1] At the time he filed this case, Plaintiff was incarcerated at the Kirkland R & E Center, part of the South Carolina Department of Corrections (SCDC) prison system. According to the SCDC's internet website, he is serving a ten-year sentence for armed robbery and the sentence was entered against him in Richland County. SCDC, https://sword.doc.state.sc.us/incarceratedInmateSearch/ (last visited Sept. 16, 2010).

In the Complaint filed in this case, Plaintiff asserts numerous federal constitutional violations and state-based claims against numerous individuals and entities arising from an ultimately dismissed Fairfax County prosecution of him on the charge of assault and battery with intent to kill. The prosecution was begun in 2006, following an altercation at the Allendale Correctional Institution between Plaintiff and a fellow inmate: Defendant Knotts. The charges

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

were ultimately dismissed in 2008. Plaintiff claims, among other things, that he was coerced into talking with investigators and a judge without an attorney to assist him, that evidence was tampered with and falsified, that his *pro se* motions were not considered or ruled on, and that he was never informed of the nature of the evidence against him or of the progress of the prosecution. Plaintiff seeks damages from all Defendants except his fellow inmate, claiming that he was subjected to pain and suffering as well as defamation because the allegedly false charges were pending against him for two years.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even

under this less stringent standard, however, the Complaint filed in this case is subject to partial summary dismissal (as to several Defendants) under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff's Complaint is subject to summary dismissal as to Defendants State of South Carolina, Allendale Fairfax Sheriff Department, Allendale Fairfax Magistrate Court, and South Carolina Department of Corrections because the relief requested against these Defendants, each of which is either the a state or a state entity, is barred by the Eleventh Amendment to the United States Constitution. For example, Defendant Allendale Fairfax Sheriff Department is entitled to immunity because it is an agency of the State of South Carolina and, thus, entitled to Eleventh Amendment immunity from the relief requested in this Complaint. Article V, section 24 of the South Carolina Constitution specifically provides for the election of a sheriff in each county: "There shall be elected in each county by the electors thereof a clerk of the circuit court, a sheriff, and a coroner; and in each judicial circuit a solicitor shall be elected by the electors thereof." Furthermore, Sheriff's Departments in South Carolina are considered state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550; 1975 S.C. Att'y. Gen'l. Op. No. 47 (January 22, 1975). Indeed, if any damages were to be awarded in this case, such damages would be paid by the South Carolina State Insurance Reserve Fund. *See Comer v. Brown*, 88 F.3d at 1332 ("Judgments against t he Greenville County Sheriff are paid by the South Carolina State Insurance Reserve Fund."). Each of these circumstances support the determination that South Carolina Sheriffs' Departments are state agencies.

The same is true for Defendant Allendale Fairfax Magistrate Court. The Magistrate Court is a court in the State of South Carolina's unified judicial system. See Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*,

376 S.E.2d 271 (1989); *Spartanburg County Dept. of Soc. Servs. v. Padgett*, 370 S.E.2d 872 (1988); *Cort Indus. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445 (1975). As such, the magistate court is a state entity or agency and the Eleventh Amendment requires dismissal of this lawsuit against it. *See Banks v. Court of Common Pleas FJD*, 342 F. Appx. 818, 820-21(3d Cir. 2009). Furthermore, it is clear that the South Carolina Department of Corrections is also an agency of the state and that Defendant State of South Carolina is the state itself. Both of these Defendants are also entitled to Eleventh Amendment immunity and dismissal from this lawsuit.

Generally speaking, the Eleventh Amendment divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department in most circumstances. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). *Cf. Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997)(courts may consider an Eleventh Amendment immunity defense *sua sponte*).

Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 99 & n. 9, a State must expressly consent to suit in a federal district court. The State of South Carolina has not

consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Additionally, the Complaint should be summarily dismissed as to Defendant Allendale C.I. because it is not a person who can act under color of state law. Plaintiff's claims of constitutional violations in connection with a criminal prosecution are properly raised pursuant to 42 U.S.C. § 1983 under this Court's federal jurisdiction. In order to state a claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not

---

[2] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Defendant Knotts, the fellow inmate with whom Plaintiff fought, should also be dismissed as a Defendant in this case for a closely related reason: he did not act as a "state actor" in connection with his altercation with Plaintiff. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the

6

party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see United States v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of America, AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Purely private conduct such as that alleged against Knotts in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar*, 457 U.S. at 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Whether a private individual's action rises to the level of state action necessarily depends on the relationship between the activity and the state. The inquiry involves "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. It is also well settled that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184 (5th Cir. 1991). There are no allegations of any particular "nexus" or unusually close relationship between Defendant Knotts and law enforcement officials that would support any claim of "state action" in connection with Knotts involvement with Plaintiff. As a result, the case should be dismissed as to Knotts.

Finally, the Complaint should also be summarily dismissed as to Defendants Judge Rita W. Brown and Allendale Fairfax Clerk of Court because each of these Defendants are entitled to absolute immunity for their judicially related activities, and Plaintiff does not allege any wrongdoing against them that would fall outside their performance of their immune activities. As the Fourth

7

Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Also, County Clerks of Court, though elected by the voters of a County, are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; § 14-1-40, South Carolina Code of Laws (as amended); § 14-17-10, South Carolina Code of Laws (as

8

amended).  The Allendale Fairfax Clerk of Court has quasi-judicial immunity in this case because Plaintiff's allegations against the Clerk (the motions were not ruled on and that case-status updates were not provided) show that in performing or failing to perform such duties, Defendant Clerk was following rules of a Court, or was acting pursuant to authority delegated by a court to Clerk's Office personnel.  *See Cook v. Smith*, 812 F. Supp. 561, 562(E.D. Pa. 1993); *Mourat v. Common Pleas Court of Lehigh County*, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981).  In *Mourat v. Common Pleas Court of Lehigh County*, the district court, in a bench ruling, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit.  In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune."  We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)].  If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court.  See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D. Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D. Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; *see also Dieu v. Norton*, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").  The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendant  because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992)(quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)); *see also Ashbrook v. Hoffman*, 617

F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

## Recommendation

Accordingly, it is recommended that the District Court partially dismiss the Complaint in this case as to Defendants State of South Carolina, Allendale Fairfax Sheriff Department, Allendale Fairfax Magistrate Court, Allendale C. I., South Carolina Department of Corrections, Judge Rita W. Brown, Allendale Fairfax Clerk of Court, and SCDC Prisoner L. Knotts *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants.

Plaintiff's attention is directed to the important notice on the next page.

        s/Bruce Howe Hendricks
        United States Magistrate Judge

October 12, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).