IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Andrew Plummer. # 299191, | ) | C.A. No. 2:10-1966-TLW-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | ORDER |
| | ) | |
| Investigator Orr; Investigator Branham, | ) | |
| SCDC Warden George T. Hagan; and | ) | |
| Director Ozmint, in their individual and | ) | |
| official capacities, | ) | |
| Defendants. | ) | |
| | ) | |

The Plaintiff has brought this *pro se* action against the Defendants under Title 42, United States Code, Section 1983. This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge Hendricks recommends that this Court partially summarily dismiss the Complaint in this case as to Defendants Elaine Sabb and Woodrow Gooding, Jr., without prejudice and without issuance and service of process. It is further recommended that the Motion for Summary Judgment (Doc. # 77) filed by Defendants Orr; Hagan; Ozmint; and Branham be granted as to Plaintiff's federal claims, that Plaintiff's state-law claims be

1

dismissed without prejudice, and that this case be closed. The Plaintiff has filed objections to the Report. (Doc. # 97).[1]

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 93) and Plaintiff's objections are **OVERRULED** (Doc. # 97). The Complaint in this case is partially summarily **DISMISSED** as to Defendants Elaine Sabb and Woodrow Gooding, Jr., without prejudice and without issuance and service of process. The Motion for

---

[1] Plaintiff has also filed a motion to appoint counsel. The law is clear that there is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir.1975). However, this Court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(e); Smith v. Blackledge, 451 F.2d 1201, 1203 (4th Cir.1971). When exercising its discretion to appoint counsel in a civil action, the appointment "should be allowed only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir.1975). After a review of the pleadings, this Court finds that there are no unusual circumstances which would justify the appointment of counsel, nor would the plaintiff be denied due process if an attorney was not appointed. This Court notes that plaintiff's pleadings are timely, and thorough. After careful review and consideration, this Court finds this motion to be without sufficient legal basis.

Summary Judgment (Doc. # 77) filed by Defendants Orr; Hagan; Ozmint; and Branham is **GRANTED** as to Plaintiff's federal claims, Plaintiff's state-law claims are **DISMISSED** without prejudice, and this case is to be closed.

    **IT IS SO ORDERED.**

                                        s/ Terry L. Wooten
                                          **TERRY L. WOOTEN**
                                      **UNITED STATES DISTRICT JUDGE**

March 8, 2012
Florence, South Carolina